## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**PAMELA WEBB**                                                    **PLAINTIFF**

**v.**                          **CASE NO. 2:25-CV-00259-BSM**

**LEE COUNTY ARKANSAS, *et al.***                              **DEFENDANTS**

### ORDER

Defendants' motion to dismiss [Doc. No. 4] Pamela Webb's official capacity claims against them is granted; the motion to dismiss her individual capacity claims against the Lee County Quorum Court members is denied; and the motion to dismiss the individual capacity claims against the County Judge of Lee County is granted.

### I. BACKGROUND

Pamela Webb is the present County Clerk of Lee County. She is suing Lee County's County Judge ,Terry Sandefer, and its Quorum Court members, Rusty Crump, Junious Pruett, Lydia Lewis, Jed Anderson, Ronni Schwantz, Tracia Tinzie, West Higginbothom, Bill Gerrard, and Jesse Garrett. She is suing defendants in their individual and official capacities under 42 U.S.C. section 1983 and the Arkansas Civil Rights Act (ACRA); for violating the Fourteenth Amendment's Equal Protection Clause and the First Amendment; and for violating the federal Equal Pay Act and the Arkansas Equal Pay Act.

Webb alleges that she was elected county clerk in July 2018. Compl. ¶ 17, Doc. No. 1. In November 2018, the Lee County Quorum Court determined that it had mistakenly approved a salary for the clerk who was scheduled to leave office on January 1, 2019, that

was $10,000 more than she should have been paid. *Id.* ¶ 18. The quorum court required the existing clerk to pay back the money she was overpaid. *Id.* ¶ 19. Webb alleges that similarly situated male county employees were also overpaid but were not required to pay back the money and benefits they were improperly paid. *Id.* ¶ 20. For example, she alleges that County Judge Terry Sandefer and Sheriff Ocie Banks were overpaid for their truck allowances but were not asked to pay back the overpayments; Coroner Robert Kennedy improperly received a pay raise and was paid as a full time employee, despite the fact that the coroner's position was a part time position; County Judge Sandefer received a pay raise and improperly used the county's diesel fuel for his personal vehicle; and male road department workers received higher pay and benefits than similarly situated female employees. *Id.* ¶ 20a–d. Webb alleges that when she raised concerns about these disparities, defendants hostily refused to raise her salary and continued to maintain a compensation structure that favors men. *Id.* ¶¶ 24 & 26.

Defendants are moving to dismiss all claims.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal when the plaintiff fails to state a claim upon which relief may be granted. To meet the 12(b)(6) standard, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are insufficient. *Id.* All allegations contained in

the complaint are considered true, and all reasonable inferences are drawn in the plaintiff's favor. *Rydholm v. Equifax Info. Servs. LLC*, 44 F.4th 1105, 1108 (8th Cir. 2022). At this stage, materials embraced by the pleadings as well as exhibits attached to the pleadings and matters of public record may all be considered. *Zean v. Fairview Health Servs..* 858 F.3d 520, 526 (8th Cir. 2017).

### III. DISCUSSION

Webb's official capacity claims against the county judge and the quorum court members are dismissed because Webb does not contest dismissal. *See* Pl.'s Resp. Mot. Dismiss ¶ 1, Doc. No. 8. The motion to dismiss the individual capacity claims against the quorum court members is denied. The motion to dismiss the individual capacity claims against Judge Sandefer is granted.

A.      Quorum Court

The motion to dismiss Webb's individual capacity claims against the members of the quorum court is denied.

### 1. Qualified Immunity

The motion to dismiss Webb's claims against the quorum court members based on qualified immunity is denied. To overcome qualified immunity at the motion to dismiss stage, Webb must allege (1) that the defendants violated a statutory or constitutional right, and (2) that the right was clearly established at the time of the challenged conduct. *Watkins v. City of St. Louis, Missouri*, 102 F.4th 947, 951 (8th Cir. 2024). Webb has alleged enough to show that defendants are not immune because she has alleged that defendants

discriminated against her and retaliated against her based on her sex, and the rights to be free from sex discrimination and retaliation are clearly established. *Wimbley v. Cashion*, 588 F.3d 959, 963 (8th Cir. 2009) (right to be free from sex discrimination clearly established); *Baribeau v. City of Minneapolis*, 596 F.3d 465, 481 (8th Cir. 2010 )(right to exercise First Amendment freedoms without retaliation is clearly established).

### 2. Sex Discrimination

To state a sex discrimination claim under 42 U.S.C. section 1983, Webb must allege that (1) she is a member of a protected group; (2) she was qualified to perform the job; (3) she suffered an adverse employment action; and (4) circumstances permit an inference of discrimination. *Tyler v. Univ. of Arkansas Bd. of Trs.*, 628 F.3d 980, 990 (8th Cir. 2011). Webb is a member of a protected group who alleges that she is qualified for her position. She also alleges that she suffered adverse employment action when the Lee County Quorum Court reduced the pay for her position and continues to improperly underpay her despite giving raises to men and not requiring men to pay back overpayments. Compl. ¶¶ 18 & 20. While the allegations against the quorum court members are somewhat thin, Webb has alleged enough to survive dismissal.

### 3. Retaliation

To state a retaliation claim, Webb must allege that (1) she engaged in protected activity; (2) defendants took adverse action against her; (3) the adverse action was motivated at least in part by the protected activity. *Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004). Webb alleges that she has repeatedly raised concerns about compensation disparities

and misuse of county funds to the quorum court members. Compl. ¶¶ 24 & 68. Webb alleges that defendants refused to raise her compensation and benefits to match those of similarly situated men due to her efforts to expose the improper practices. *Id*. ¶¶ 71–72. Again, this claim is thin, but Webb has alleged enough to overcome dismissal. *Fender v. Delaware Div. of Revenue*, 628 F. App'x 95, 98 (3d Cir. 2015) (quoting *Feldman v. Phila. Hous. Auth.*, 43 F.3d 823, 829 (3d Cir.1994) (speech that is motivated by a private concern can address matters that concern the public as well).

### 4. ACRA

The motion to dismiss Webb's sex discrimination and retaliation claims under the Arkansas Civil Rights Act is denied for the same reasons provided in sections A2–A3. *Muntaqim v. Payne*, 2021 Ark. 162, 628 S.W.3d 629, 635 (2021) (courts may look for guidance to state and federal decisions interpreting the Federal Civil Rights Act, 42 U.S.C. § 1983 when construing the ACRA); *Benton Sch. Dist. v. Greer*, 730 S.W.3d 1, 10 (Ark. 2026) (ACRA retaliation claim elements); *DePriest v. Milligan*, 823 F.3d 1179, 1185 (8th Cir. 2016) (section 1983 sex discrimination and ACRA claims use same standard).

### B.    Judge Sandefer

The motion to dismiss Webb's individual capacity claims against Judge Sandefer is granted because Webb has not alleged that Sandefer engaged in discriminatory or retaliatory conduct. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (plaintiffs' obligation to provide grounds for relief requires more than conclusions). Webb is suing Sandefer in his "individual capacity for his personal involvement in and deliberate indifference to the

discrimination complained. . ..'"   Compl. ¶ 6.  Webb alleges that she complained about misuse of funds, improper compensation practices, pay disparities, and violations of law to the county judge and the quorum court and all adverse actions were decided by the county judge and quorum court. *Id.* ¶¶ 12 & 80.  The problem for Webb is that, while county judges preside over the quorum court, they do not have a vote.  Ark. Code Ann. § 14-14-1102(b)(6). Even if everything Webb alleges is true, Sandefer could not have participated in the votes that Webb alleges discriminated and retaliated against her.

IV. CONCLUSION

For these reasons, defendants' motion to dismiss is granted as to the claims made against all defendants in their official capacities and to Judge Sandefer in his individual capacity and denied as to the other individual defendants in their individual capacities.

IT IS SO ORDERED this 20th day of May, 2026.

_____
UNITED STATES DISTRICT JUDGE